<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4847**

———————

UNITED STATES OF AMERICA,

                                 Plaintiff - Appellee,

    versus

ANTHONY EDWARD PULLIAM, a/k/a Sleepy,

                                 Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:05-cr-00354-JAB)

———————

Submitted: May 9, 2007                  Decided:  July 6, 2007

———————

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael K. Troutman, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Anthony Edward Pulliam pled guilty to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000). The district court granted the Government's 18 U.S.C. § 3553(e) (2000) motion to depart below the statutory minimum of 120 months' imprisonment based on Pulliam's substantial assistance. The court sentenced Pulliam to 70 months' imprisonment. Pulliam appealed.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but seeking review of Pulliam's sentence for unreasonableness. Pulliam did not file a pro se supplemental brief despite being advised of his right to file a brief. The Government elected not to file a responding brief. We affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47; see also United States v. Green, 436 F.3d 449, 457 (4th

- 2 -

Cir.), cert. denied, 126 S. Ct. 2309 (2006) (stating a sentence imposed within a properly calculated guideline range is presumptively reasonable).

Pulliam was sentenced below the statutorily prescribed range, and his sentence falls within the properly calculated guideline range of seventy to eighty-seven months' imprisonment. The district court appropriately treated the sentencing guidelines as advisory and considered the guideline range in conjunction with the § 3553(a) factors in imposing sentence. Thus, we conclude the sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Pulliam's conviction and sentence. This court requires that counsel inform Pulliam, in writing, of the right to petition the Supreme Court of the United States for further review. If Pulliam requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pulliam.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -